# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60051
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REBECCA LYNN DRAKE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:13-CR-24-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rebecca Lynn Drake appeals the 24-month sentence imposed following the revocation of her supervised release. Drake contends that the sentence, which is below the statutory maximum of three years, is substantively unreasonable in light of the policy statement range of 4 to 10 months of imprisonment. *See* U.S.S.G. § 7B1.4(a), p.s. Further, she contends that the district court's failure to provide adequate reasons for the sentence renders the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence plainly unreasonable and that the degree of departure from the policy statement range was unreasonably excessive.

Drake objected generally in the district court to the reasonableness of the sentence, but she did not object to the district court's purported failure to provide adequate reasons for the sentence.  A general objection to the reasonableness of a sentence is not sufficient to alert the district court to an argument that it failed to adequately explain the reasons for the sentence and does not preserve the procedural issue for review.  *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  When the defendant fails to bring a sufficient objection to the attention of the district court, the court may correct an unpreserved "plain error that affects substantial rights."  FED. R. CRIM. P. 52(b); *Henderson v. United States*, 133 S. Ct. 1121, 1124 (2013).  Under plain error review, the defendant bears the burden to show "(1) error (2) that is plain and (3) that affects h[er] substantial rights."  *United States v. Broussard*, 669 F.3d 537, 553 (5th Cir. 2012) (internal quotation marks and citation omitted).  Even if the defendant succeeds in making that showing, the court will exercise its discretion to correct the error only "if it seriously affected the fairness, integrity, or public reputation of the judicial proceeding."  *Id.* (internal quotation marks and citation omitted).  Because the district court provided a detailed explanation for the sentence it imposed, it did not commit error, plain or otherwise, in stating its reasons for the sentence.  *See United States v. Whitelaw*, 580 F.3d 256, 261-62 (5th Cir. 2009).

This court reviews a preserved objection to a revocation sentence's substantive reasonableness under the plainly unreasonable standard.  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  This court examines the substantive reasonableness of a sentence for an abuse of discretion, and, if it is unreasonable, this court considers whether the error was obvious under the

existing law. *Id.* Drake has not shown that the sentence imposed failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing the sentencing factors. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Based on the totality of circumstances, the district court's imposition of a sentence above the policy statement range did not reflect an abuse of discretion. *See id.* It follows that the sentence was not plainly unreasonable. *See Miller*, 634 F.3d at 843.

The judgment of the district court is AFFIRMED.